FILED
SUPERIOR COURT
OF GUAM

2018 MAR 22 PM 2: 09

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT
# OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | Case No. CM0643-17 |
| Plaintiff, | ) | |
| vs. | ) | |
| NEIL MOGED, | ) | **DECISION & ORDER** |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on Defendant Neil Moged's Statement Requesting Judicial Disqualification. Defendant Neil Moged is represented by Assistant Public Defender Richard Dirkx. The People of Guam are represented by Assistant Attorney General Jeremiah Luther. Having considered the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order denying Defendant Moged's Request for Judicial Disqualification.

## BACKGROUND

This matter arises out of a November 7, 2017 Magistrates Complaint in which the Attorney General of Guam accused Defendant Neil Moged ("Defendant") of two counts of Child Abuse (As a Misdemeanor) and one count of Assault (As a Misdemeanor). On January

ORIGINAL

8, 2018, the Honorable Elyze M. Iriarte was assigned to this matter. On January 17, 2018, Judge Iriarte filed a Notice Regarding Potential Disqualification disclosing to the parties that she is related within the third degree to the Office of the Attorney General's Deputy Attorney General/Chief Prosecutor Joseph B. McDonald. Judge Iriarte stated her intention to continue to preside over the case and gave parties fourteen days to file any objections to her competency to adjudicate the matter. On February 7, 2018, Defendant's counsel filed a Statement Requesting Judicial Disqualification objecting to Judge Iriarte presiding over the matter. On February 12, 2018, Judge Iriarte filed an Answer to Defendant's counsel's statement, explaining that the Chief Prosecutor is not involved in the prosecution or supervision of the case. Accordingly, Judge Iriarte concluded that disqualification was not appropriate. On February 16, this Court held a hearing on the potential disqualification of Judge Iriarte. On February 26, 2018, Defendant filed a Memorandum Concerning Disqualification. Defendant argues that while judges have a duty to preside over cases, the appearance of impropriety should be avoided. The Court took the matter under advisement on March 6, 2018.

## ISSUE

Whether the circumstances of this matter warrant the disqualification of Judge Iriarte.

## FACTS

1. On January 8, 2018, the Honorable Elyze M. Iriarte ("Judge Iriarte") was assigned to preside over this matter.

2. Judge Iriarte is a related within the third degree to Deputy Attorney General/Chief Prosecutor Joseph B. McDonald ("Chief Prosecutor") from the Office of the Attorney General.

3. The Office of the Attorney General has represented that the Chief Prosecutor is not directly involved in the prosecution or supervision of this case.

4. The record shows that the Chief Prosecutor has not made an appearance in this matter and is not otherwise involved in this case.

## PRINCIPLES OF LAW

### Disqualification

Absent an agreement by all parties that a jurist continue to preside over a matter, the Guam Code mandates that a judge disqualify herself in the following circumstance:

> Where he or she or his or her spouse, or a person within the third degree of relationship to either of them, or the spouse of such person (A) is a party to the proceeding, an officer, director, or trustee of a party, (B) is acting as a lawyer in the proceeding, (C) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding, (D) is to the judge's knowledge likely to be a material witness in the proceeding.

6 G.C.A. § 6105(b)(5). Various courts in the United States have considered the issue of a judge's relationship to parties whose counsel has a connection to the judge. The Fifth Circuit Court of Appeals explained that the disqualification provision requires actual participation in the proceedings. U.S. ex rel. Weinberger v. Equifact, Inc., 557 F.2d 456, 463 (5th Cir. 1977). The Equifax court decided that disqualification was not warranted where the judge's child was an associate of the law firm representing one of the parties and did not actively participate in the proceeding. Id. Further, the court noted that the analysis would change if the judge's child was not merely an associate, but a partner with a financial interest in the outcome of the proceedings. Id.

In considering an almost identical disqualification provision, the Supreme Court of Wisconsin determined an interpretation too broad where it that mandates a judge's disqualification when his spouse works as an attorney for the government department prosecuting the case. See State v. Harrel, 546 N.W.2d 115, 117 (Wisc. 1996). The Harrell court explained that the disqualification provision "certainly does not include every government attorney who happens to be employed in the same county office or governmental department." Id. Further, the court stated that the only practical interpretation of the provision "as it applies to government attorneys is to restrict its scope to only the attorney of record and any other attorneys who appear or participate in the case." Id.; see also Smith v. Beckman, 683 P.2d 1214, 1216 (Colo. Ct. App. 1984)

(explaining that a government attorney "is only engaged in the case when he has worked on it directly.").

In Adair v. State, Dept. of Educ., the Supreme Court of Michigan denied a motion for disqualification made on the basis that two of the justices' spouses worked for the Attorney General's Office. Adair v. State, Dept. of Educ., 709 N.W.2d 567, 581 (MI 2006). The Adair court based its denial on the fact that the spouses did not participate in the case at issue. Id. The court cited the Ohio Supreme Court's rationale in In re Disqualification of Carr, 826 N.E.2d 294 (Oh. 2004): "As long as the government attorney whose conflict of interest prevents him or her from handling a particular matter is effectively screened from any participation in the case, other attorneys in the office can, in most circumstances, continue to handle the case."

## ANALYSIS

In this case, Judge Iriarte is related within the third degree to Chief Prosecutor Joseph McDonald. While the Chief Prosecutor position is one of seniority and greater responsibility, the Court finds that the Chief Prosecutor is not an officer, director, or trustee of the People of Guam. Officers and directors serve as representatives of corporations or other entities, and the Court finds that the Chief Prosecutor does not share the same relationship with the Office of the Attorney General. Additionally, while the Chief Prosecutor works as a lawyer for the body prosecuting the case, there is no evidence that he is actively involved in this matter. The Office of the Attorney General has represented that the Chief Prosecutor is not directly involved in this matter. Thus, the Court finds that Judge Iriarte's disqualification is not warranted unless the Chief Prosecutor is an active participant in these proceedings.

Further, the Court finds that neither the Chief Prosecutor nor any prosecutor at the Office of the Attorney General has the same type of interest in the outcome of a trial as does a member of a private law firm. State v. Harrell, 546 N.W.2d 115, 118 (Wisc. 1996). While a

prosecutor may have a reputational interest in successful prosecutions, the Court finds that the Chief Prosecutor does not have any financial interest in this matter. See State v. Logan, 689 P.2d 778, 785 (explaining that without a financial interest a prosecutor's interest in reputation "is not enough to create an appearance of partiality" in a judge to whom prosecutor is related). Accordingly, the Court finds that disqualification is not warranted because the Chief Prosecutor does not have an interest in the matter that would create the appearance of partiality. Finally, there is no indication that the Chief Prosecutor will be a material witness in this matter. After considering the situations listed in 6 G.C.A. § 6105(b)(5) that call for mandatory disqualification of a judge, the Court finds that none apply to the facts of this case. While Judge Iriarte is related within the third degree to Chief Prosecutor McDonald, he is not an officer or director of the People of Guam, an active lawyer in the proceedings, does not have an interest in the outcome of the proceedings, and is not likely to be a material witness. Accordingly, the Court concludes that disqualification is not required at this time.

Because the Court determines that disqualification is not required in this matter, the Court need not address the issues of whether Defendant complied with the provisions 7 G.C.A. § 6107 or whether a defendant can be required to file an objection to competency within two weeks in lieu of filing a waiver pursuant to 7 G.C.A. § 6105.

\\

\\

\\

## CONCLUSION AND ORDER

For the reasons set forth above, the Court HOLDS that disqualification is not required in this matter. The Honorable Judge Elyze M. Iriarte is not disqualified from presiding over this case or any other matter in which the Chief Prosecutor is not directly involved.

SO ORDERED, this 22 day of ___March___ 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
Original hereto was placed in the
court box of:
PDSC/AG'S
3/22/18  2:15pm
Date       Time
JSC